## Parker v. Commonwealth.

(Decided January 11, 1911.)

### Appeal from Bell Circuit Court.

Homicide—Deliberate Killing of Unarmed Man—Preparation and Waiting for His Victim.—On the trial of defendant for homicide, the evidence showed that appellant armed and placed himself in a porch of a house where he was staying, to await the passing of deceased; that when he appeared appellant accosted him in insulting terms, advanced on him and shot him four times, repeating the shots after he fell, killing him at once; and an immediate examination of deceased showed him to be unarmed.

JAMES G. ROLLINS for appellant.

JAS. BREATHITT, Attorney General, and T. B. M'GREGOR Assistant Attorney General, for appellee.

Opinion of the Court by Judge Settle—Affirming.

The appellant, Isaac Parker, shot and killed Clint Hale at Fonde, a mining camp in Bell county, May 23, 1910. The indictment returned against him by the grand jury charged him with the crime of murder, and upon his trial therefor the petit jury, by their verdict, found him guilty as charged and fixed his punishment at confinement in the penitentiary for life.

He was refused a new trial by the circuit court and has appealed. Only two of the three grounds filed in support of the motion for a new trial are relied on for a reversal, viz.: The admission on the trial of alleged incompetent evidence, and that the verdict was not sustained by the evidence.

The alleged incompetent evidence consisted of an unsigned letter which purported to have been written by appellant at Sharp's Chapel, Tennessee, and addressed to the wife of the victim of the homicide at Laclede avenue, St. Louis, Missouri, where she had been temporarily staying after abandoning her husband.

The evidence of the Commonwealth conduced to prove that the deceased suspected, and had reasonable grounds to believe, that an improper intimacy existed between appellant and his wife, and that when she left his home appellant about the same time removed to Vanasco, Iowa. The latter returned, however, to Fonde, Kentucky, a short time before the homicide, and the wife of deceased soon thereafter. Whether they were together during their absence from Kentucky does not clearly appear from the evidence, but the letter in question contains certain statements indicating that they met or had meetings while away from Kentucky.

It is patent that the letter was never received by Mrs. Hale for, according to the evidence, she returned to Fonde, a day or two before it was written. The letter was, as shown by the evidence, found in and taken from the pocket of Hiram Burrow by the mother of deceased, Margaret Hale; how it got in his possession does not appear, but when introduced in evidence, it was produced by Mrs. Hale who identified it as in the handwriting of appellant.

The language of the letter strongly expressed the affection of the writer for the wife of deceased, demonstrated the illicit character of the relations existing between them and the illwill of the writer to the deceased. If written by appellant, the introduction of the letter was competent, to show that he had a motive for taking the life of deceased.

We are not prepared to say that the court erred in allowing it to go to the jury for that purpose. Margaret Hale testified that she had seen and knew the hand-writing of appellant and that in her judgment the letter was written by him. This was, we think, such an identification of it as is required by section 604 of the Code and the purpose of its introduction was explained to the jury by the court.

There is no merit in appellant's contention that the verdict was not sustained by the evidence. His claim

that he killed deceased in self-defense, rests upon certain threats made by the latter to take his life, and the testimony of himself and one or two other witnesses that he shot deceased after the latter had acted as if he were attempting to draw a pistol from a bucket, or his pocket. This testimony evidently had little weight with the jury, in view of that of a greater number of eye witnesses for the Commonwealth who testified that appellant armed and placed himself in the porch of the house where he was staying to await the passing of deceased as he returned from his work; that when he appeared appellant accosted him in insulting terms and immediately shot him, advancing upon deceased and repeating the shots after he fell, until he had fired four shots altogether.

Deceased died at once and an immediate examination of his person showed him to be unarmed. In brief the facts authorized the belief in the minds of the jury that the killing was deliberate murder, hence they found appellant guilty of that crime.

The instructions are not objected to and we find that they contained all the law required for the guidance of the jury.

The judgment is therefore, affirmed.