### Horn v. Commonwealth.

(Decided April 16, 1935.)

S. H. RICE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Willie Horn, was jointly indicted with Henry Boland and Silas Stewart for the crime of grand larceny. On his separate trial, he was convicted and sentenced to a term of one year in the penitentiary.

He seeks a reversal of the judgment on the ground that incompetent evidence was admitted over his objections, and on the further ground that the trial court erred in overruling his motion for a peremptory instruction.

On the night of June 23, 1933, an automobile in which Henry Boland and William Wilder were riding ran into a ditch near appellant's home. The automobile belonged to Wilder, but at the time of the accident was being driven by Boland. Horn assisted them in getting the automobile out of the ditch and Boland and Wilder then went to Horn's home, where Boland remained until Wilder, who was drunk, went to sleep. Later in the night Boland, appellant, and Silas Stewart left in Wilder's automobile and drove to Knoxville, Tenn. From there they went to Oklahoma. Two or three weeks later the auomobile was located in Colorado.

Wilder testified that Jalah Horn, wife of Willie Horn, showed him a letter signed by Willie Horn and mailed from River Bend, Colo., in which he stated that if he was sent $15 he would return the automobile to Kentucky. Herbert Spencer testified that he saw the letter and that in it Horn stated he had the automobile in his possession and wanted to return home, and if

his wife would send him $15 he would bring the car back to Kentucky. Mrs. C. L. Seale, a sister of William Wilder, testified that she saw a letter signed by Willie Horn in which he asked his wife to borrow and send him $15. Jalah Horn said in the presence of the witness that if some one would put up the money her husband would bring the car home, but the witness did not remember whether the car was referred to in the letter. It is the testimony of these witnesses of which complaint is made. A letter dated July 28, 1933, written by Willie Horn to his wife and mailed from River Bend, Colo., was introduced by the appellant. In it he asked his wife to borrow $15 and send to him to enable him to return home, but the automobile was not mentioned in the letter. He testified that this was the only letter he had written to his wife while he was away. When confronted with this letter, Wilder, Spencer, and Mrs. Seale denied that it was the letter they had read. It is insisted that these witnesses should not have been permitted to testify in regard to the contents of the letter without producing the letter itself.

The best evidence of the contents of a written instrument is the instrument itself, and the general rule is that secondary evidence of its contents is not admissible until failure to produce the original has been satisfactorily explained. Bennett v. Commonwealth, 171 Ky. 63, 186 S. W. 933. All of the witnesses, however, who testified in regard to the contents of the letter, stated that Mrs. Horn retained possession of it, and this was a sufficient excuse for its nonproduction to authorize oral proof as to its contents. However, a more serious objection to the evidence is presented.

There was no proof of the letter's authenticity and genuineness. It was not shown that the witnesses were familiar with appellant's handwriting or that the letter was in his handwriting. The mere fact that a letter purports to have been written by a certain person is not alone sufficient to warrant its reception in evidence. Before oral testimony as to the contents of a letter can be heard, the genuineness of the writing must be established. Fletcher v. Commonwealth, 239 Ky. 506, 39 S. W. (2d) 972; Frasure v. Commonwealth, 169 Ky. 620, 185 S. W. 146; Donnelly v. Donnelly, 78 S. W. 182, 25 Ky. Law Rep. 1543; Bennett v. Commonwealth, supra; Parker v. Commonwealth, 141 Ky. 509, 133 S. W. 209.

No effort was made to establish the genuineness of the letter purportedly written by appellant. He claimed that he went to Oklahoma and then to Colorado with Boland, at the latter's request, in search of work and in the belief that the automobile in which he traveled was owned by Boland, and that he did not know it had been stolen until he returned to Kentucky seventeen days later. He and one or two other witnesses testified that Boland stated in the presence of Wilder on the night the automobile was taken that he had purchased it from Wilder for $150 and had paid him $75.

The testimony as to the contents of the letter claimed to have been written by appellant was the strongest evidence in the case pointing to his guilt. In the circumstances, we think the admission of this evidence was prejudicially erroneous.

We find no merit in appellant's contention that his motion for a peremptory instruction should have been sustained. If his version of the transaction is true, he is not guilty of the offense charged, but he was admittedly in possession of the stolen car, and other circumstances were shown which tended to cast doubt on the truth of his statements. The evidence was sufficient to raise an issue for determination by the jury.

For the reasons indicated, the judgment is reversed for further proceedings not inconsistent herewith.